**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**GREG ALLEN WEBB**                                                         **PLAINTIFF**

**VERSUS**                            **CIVIL ACTION NO. 2:09-cv-153-KS-MTP**

**OBY T. ROGERS**                                                      **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently incarcerated in Covington County Jail, filed this complaint pursuant to 42 U.S.C. § 1983. The named Defendant is Oby T. Rogers, Public Defender. Plaintiff filed a written response [9] as directed by this Court's order [6] directing him to provide more information.

Plaintiff was arrested on July13, 2008, and charged with DUI manslaughter. Plaintiff states that Defendant Oby T. Rogers is violating the Plaintiff's constitutional right to effective assistance of counsel in that he has yet to meet with Defendant Rogers except for the presentation of a plea agreement. As relief, Plaintiff is requesting monetary damages and release from incarceration.

## Analysis

Title 28 U.S.C. Section 1915(e)(2)[1] "accords judges not only the authority to dismiss a

---

[1] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i)     is frivolous or malicious;
        (ii)    fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from
        such relief.

claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.1994). "A district court may dismiss an *in forma pauperis* proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 501 U.S. 1235 (1991). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Parker v. Carpenter*, 978 F.2d 190, 191 n.1 (5th Cir. 1992); *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992); *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir.), *cert. denied*, 504 U.S. 988 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* As discussed below, the Plaintiff cannot maintain this action pursuant to 42 U.S.C. § 1983 against the named Defendant.

Defendant Rogers

In order to have a viable claim under 42 U.S.C. § 1983 the Plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States and that the person depriving Plaintiff of this right acted under color of any statute of the State. *Daniel v. Ferguson*, 839 F.2d 1124 (5th Cir. 1988). Even though Defendant Rogers is a public defender who represents the Plaintiff, this fact alone does not establish that he is a state actor. Hence, this

Court finds that the Plaintiff's claim under § 1983 is precluded by the Supreme Court's ruling in *Polk County v. Dodson,* 454 U.S. 312 (1981). In *Polk*, the Court addressed whether a public defender is a state actor for purposes of 42 U.S.C. § 1983 when performing a lawyer's traditional functions as counsel to a Defendant in a criminal proceeding. The Court held that he is not:

> We began our analysis by explaining that a public defender's obligations toward her client are no different than the obligations of any other defense attorney. *Id.,* at 318, 102 S.Ct., at 449-450. These obligations preclude attributing the acts of defense lawyers to the State: "[T]he duties of a defense lawyer are those of a personal counselor and advocate. It is often said that lawyers are 'officers of the court.' But the Courts of Appeals are agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor...." *Ibid.* We went on to stress the inconsistency between our adversarial system of justice and theories that would make defense lawyers state actors. "In our system," we said, "a defense lawyer characteristically opposes the designated representatives of the State." *Ibid.* This adversarial posture rests on the assumption that a defense lawyer best serves the public "not by acting on behalf of the State or in concert with it, but rather by advancing 'the undivided interests of his client.'"

*Id.,* at 318-319 (quoting *Ferri v. Ackerman,* 444 U.S. 193, 204 (1979)). Hence, any deprivation Plaintiff allegedly suffered was not under color of state law.

## Claims

Even if the Defendant, under the allegations of the instant complaint, could be considered a state actor, it is clear that the Plaintiff cannot maintain this action. Plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (citing *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989)). To the extent that Plaintiff is requesting to be released from custody and having the charges against him dropped, Plaintiff must pursue this claim as a habeas corpus request. A pre-trial prisoner's suit challenging his incarceration is properly brought

pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987). If Plaintiff's claims are proven and this Court grants the requested relief, it could result in Plaintiff receiving an early release from custody. With this in mind, this Court has determined that Plaintiff must first pursue this cause by filing a petition for habeas corpus relief.

Although 28 U.S.C. § 2241 does not specifically state that exhaustion is required, the requirement that a petitioner must exhaust his available state remedies has been judicially created. *Id.* at 225. In order for a petitioner proceeding pursuant to § 2241 to exhaust his available state remedies, he would need to present the grounds of his federal habeas petition to the Mississippi Supreme Court. Plaintiff fails to establish that he has met the exhaustion requirement to pursue a petition for habeas corpus relief in a § 2241 action. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). Therefore, this complaint will not be liberally construed as a petition for habeas corpus relief and will be dismissed.

## Conclusion

As discussed above, the Plaintiff has failed to present an arguable constitutional claim in law or fact in order to maintain this particular cause of action against the named Defendant. Consequently, this complaint will be dismissed as for failure to state a claim pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii), with prejudice. To the extent that Plaintiff is seeking habeas relief his claims are dismissed without prejudice.

## Three-strikes provision

Since this case is dismissed pursuant to the above mentioned provision of the Prison

4

Litigation Reform Act, it will be counted as a "strike".[2] If the Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 14th day of December, 2009.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."